OPINION
On April 21, 1996, appellant, Stephen Dischinger, was charged with one count of domestic violence in violation of R.C.2919.25(A). Said charge arose from an incident involving appellant's live-in companion, Pamela Carlisle.
A trial before a magistrate commenced on February 23, 1998. By decision filed March 27, 1998, the magistrate found appellant guilty as charged. By judgment entry filed June 1, 1998, the trial court approved and adopted this decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE APPELLANT SHOULD BE GRANTED A NEW TRIAL BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II
 THE APPELLANT'S TRIAL COUNSEL WAS UNABLE TO RENDER ADEQUATE LEGAL REPRESENTATION, THROUGH NO FAULT OF COUNSEL, BECAUSE HE WAS UNABLE TO PREPARE FOR TRIAL AS HE WAS PREPARED TO ENTER A PLEA ON BEHALF OF APPELLANT AND WAS FACED WITH UNFAIR SURPRISE WHEN THE COURT WOULD NOT ALLOW THE PLEA.
III
 OTHER ERRORS WERE COMMITTED AT THE TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
First, we note appellant's counsel had requested an extension to file the trial transcript which this court denied on September 9, 1998 for failure to timely file the request pursuant to Loc.App.R. 8. Upon reconsideration, we hereby permit the untimely filing of the trial transcript in the interests of justice and court efficiency. See, DeHart v. Aetna Life Insurance Co. (1982),69 Ohio St.2d 189, for the proposition courts should decide cases on the merits.
 I
Appellant claims his conviction for domestic violence was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Appellant was convicted of domestic violence in violation of R.C. 2919.25(A) which states "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
Ms. Carlisle testified to contacting the police about a domestic dispute wherein she and appellant had engaged in an argument and she had fallen into a bush and scratched her face. T. at 6-7. Because Ms. Carlisle was having trouble remembering the incident, the trial court declared Ms. Carlisle a hostile witness at the prosecutor's request. T. at 9. The prosecutor proceeded to cross-examine Ms. Carlisle on her statement to Officer Larry Kopp. Id.
Ms. Carlisle had told the police appellant had grabbed her hair and threw her against the pavement. T. at 10. Ms. Carlisle stated she hit the pavement at least five times. Id. Ms. Carlisle had a three-quarter inch cut above her lip but she could not recall how she sustained the cut because "I have tried to put it out of my mind and go on with my life." T. at 12. Ms. Carlisle admitted to writing the statement and testified "[i]t was as true as I knew it at that time." T. at 14.
Officer Kopp testified Ms. Carlisle came to the police station by herself and claimed appellant had assaulted her. T. at 18. Ms. Carlisle was very upset, had a "cut on her face, a bruise on her cheek, hair was still all messed up and she had bumps on her head." T. at 19.
Appellant admitted to assaulting Ms. Carlisle, but claimed Ms. Carlisle had also assaulted him. T. at 20-21, 31. Appellant testified Ms. Carlisle almost ran him over with his car, yelled and screamed at him, kicked and scratched him, and tore off his shirt and ripped off his necklace. T. at 30-31.
Credibility of the witnesses lies with the trier of fact.State v. Jamison (1990), 49 Ohio St.3d 182. We find although the trial court was faced with contradictory testimony, Ms. Carlisle's testimony was substantiated by Officer Kopp's observations. Based upon the testimony, we find sufficient credible evidence, if believed, to support appellant's conviction and no manifest miscarriage of justice.
Assignment of Error I is denied.
 II
Appellant claims he was denied the effective assistance of trial counsel because his counsel was forced to proceed to trial and was unprepared for trial. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, cert. denied110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696.
This case was set for trial at least four times (May 6, 1997, August 7, 1997, December 2, 1997 and February 23, 1998). The May continuance was given because appellant requested to change his plea. The August continuance was given because appellant had changed his mind and "did not wish to proceed with change of plea hearing." See, Judgment Entry filed August 26, 1997.
On the day of trial (February 23, 1998), defense counsel claimed appellant was present to plea to a reduced charge (disorderly conduct). T. at 1. The magistrate found that on March 27, 1998, appellant had signed an election to appear before a magistrate and there was "no information that this was anything but a bench trial." T. at 2. No continuance was requested and defense counsel stated "[w]e just want to resolve this and get this put behind us." Id.
In his brief, appellant did not set forth any specific instances of trial counsel deficiency. Upon review, we fail to find any trial counsel deficiency because appellant elected to proceed and there were but two witnesses to the incident, appellant and Ms. Carlisle who "plan on getting married." T. at 2.
Assignment of Error II is denied.
 III
Appellant claims there are errors which are apparent on the record but not raised on his brief. We disagree.
Appellant cites to this court the case of Anders v.California (1966), 386 U.S. 738. In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellant court by letter without filing any motion or brief on behalf of his client. The case sub judice
is distinguishable from Anders in that appellant's appellate counsel filed a brief and in fact assigned two other errors for review. An Anders claim under this assignment of error has no merit. A review of the record does not reveal any error which would warrant a reversal of appellant's conviction or sentence.
Assignment of Error III is denied.
The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
SGF/jp 0218
JUDGMENT ENTRY
CASE NO. 1998AP070094
For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed.
______________________________
______________________________
 ______________________________ JUDGES